# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CURTIS RUSH,

            *Petitioner*,

vs.

DAVID MCKUNE,

            *Respondent.*

Case No. 08-3040-EFM

## MEMORANDUM AND ORDER

Presently before the Court is Petitioner Curtis Rush's Motion for Order (titled "Petition for Writ of Habeas Corpus"), along with a second Motion for Order (titled "Motion to Inform the Court"). In these motions, Rush claims that he did not receive notice of Respondent David McKune's Response to his initial Petition for Writ of Habeas Corpus, nor did he receive notice or a copy of the Court's Memorandum and Order denying him habeas relief. Rush now contends that because he did not receive this notice, he was not afforded the opportunity to respond to McKune's arguments presented in the Response. Rush now moves the Court to permit him the opportunity to submit a reply to McKune's Response and/or renew his Petition for habeas relief.[1]

---

[1] Rush also includes in his motion information concerning an "unlawful arrest warrant" issued by McKune, and further indicated that he was placed on Kansas City's most wanted list. Rush, however, fails to provide any explanation as to how these alleged facts are relevant to the matter before the Court.

On February 1, 2008, Petitioner Curtis Rush filed for federal habeas corpus relief alleging multiple violations of his constitutional rights.[2] McKune filed his Response on March 10, 2008 and served Rush my mail at this address on file with the Court at the time of filing, which was at the Lansing Correctional Facility. That same day but after McKune filed his Response, Rush filed with the Court a Notice of Change of Address in which he informed the Court that he could now be reached at an address on North 1st Street in Kansas City, Kansas.[3] On March 11, 2008, Rush's case was reassigned to Judge Julie Robinson, at which time the Court sent Rush notice by mail of said reassignment to the Kansas City address filed by Rush just the day before. The United States Postal Service, however, returned this mailing to the Court on March 17, 2008 as not deliverable and unable to be forwarded. On October 17, 2008, Rush's case was reassigned to the undersigned judge, and notice was once again sent to Rush's Kansas City address. For unknown reasons, this mailing was not returned by the postal service. The Court entered its Memorandum and Order denying Rush's requested habeas relief on February 17, 2009, after which it sent a copy of that Order and Final Judgment to Rush at his Kansas City address. This notice was again returned to the Court by the postal service as undeliverable. Rush subsequently filed the instant motions on December 14, 2009 and February 3, 2010.

Because Rush has filed the instant motions outside the timeframe for requesting the Court to reconsider its prior Judgment, his only plausible basis for relief is under Rule 60(b) of the Federal Rules of Civil Procedure.[4] "Relief under Rule 60(b) is discretionary and is warranted only in

---

[2]The Court has previously set forth the factual and procedural background for Rush's motion for relief under 28 U.S.C. § 2254 in its February 17, 2009 Memorandum and Order denying his motion, and therefore, we will not restate that background here.

[3]Although the Notice of Change of Address was dated March 7, 2008, it was not received by the Court and filed in the record until March 10, 2008.

[4]*See Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).

exceptional circumstances."[5] A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment or to advance new arguments which could have been presented in the plaintiff's original filings.[6] The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief.[7] "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[8] Rule 60(b) provides in pertinent part that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[9]

Rush appears to contend that because he did not receive notice of either McKune's Response or the Court's Memorandum and Order and Judgment denying his habeas relief, the Court should set aside that judgment and permit him to either file a reply or refile his habeas petition. Rush's argument, however, is unpersuasive. First, the record indicates that at the time McKune filed his Response, Rush's address of record was the Lansing Correctional Facility. While the record indicates that McKune mailed a copy of his Response to that facility, McKune also represents in his Response to the instant motions that he mailed a copy of the Response to the Petition to Rush's parole officer, who agreed to give it to Rush. Moreover, once McKune received notice of Rush's

---

[5] *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991) (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[7] *Van Skiver*, 952 F.2d at 1243-44.

[8] *Id.* at 1244

[9] Fed. R. Civ. P. 60(b).

change of address, he mailed a copy of the Response to Rush at the address provided, but as with the Court's mailings, that Response was returned to McKune by the postal service as undeliverable. Rush states in his second motion that he provided the Kansas City address to the Court because he was homeless, and the friend at this address agreed to take his mail. Rush claims that when he asked this friend if he received any mail, she told him that no mail had arrived.

Rush has failed to provide the Court with any information, either by fact or new law, that would cause the Court's prior Judgement to be in error. Furthermore, his arguments do not "involve the type of rare, unanticipated circumstances contemplated by Rule 60(b)" to justify granting him relief from the Court's prior Order.[10] Under D. Kan. R. 5.1 (c), Rush was under a continuing duty to notify the clerk of the court in writing of any change of his address. While Rush did provide an address to the Court upon his release from custody, mail was undeliverable to that address. Although not explicitly stated, Rule 5.1(c) requires that the address provided to the Court actually be capable of receiving mail. Rush's lack of contact with the Court – over one and one-half years – together with his failure to provide the Court with an address capable of receiving his mail and to keep himself apprised as to the status of his case indicate a lack of diligence on his part in pursuing this action rather than grounds for relief from judgment. The Court thus finds that Rush has made no showing that he is entitled to relief under any subsection of Rule 60(b). Therefore, Rush's motions are denied.

**IT IS THEREFORE ORDERED** that Petitioner Curtis Rush's Motion for Order (titled Petition for Writ of Habeas Corpus) (Doc. 20) is hereby DENIED.

---

[10]*See Welch v. Centex Home Equity Co., L.L.C.*, 224 F.R.D. 490, 496-97 (D. Kan. 2004).

**IT IS FURTHER ORDERED** that Petitioner Curtis Rush's Motion for Order (titled Motion to Inform the Court) (Doc. 21) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 1st day of October, 2010.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE